IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLEMMIE L. JOHNSON,

                Plaintiff,

  v.

DANIEL GOFF, CHRISTA K. MORRISON, JULIE PAYNE, JOY E. MERBACH, TRINA KROENING-SKIME, MARK KARTMAN,[1] GARY BOUGHTON, JANE DOES, and JOHN DOES,

                Defendants.

OPINION and ORDER

21-cv-606-wmc[2]

---

     Pro se plaintiff and prisoner Clemmie Johnson contends that Wisconsin Secure Program Facility (WSPF) and Wisconsin Department of Corrections employees retaliated against him for filing an inmate complaint between 2020 and 2021, and that they refused to allow him to receive Ramadan meals in 2021. Plaintiff is a prisoner and proceeding in forma pauperis, so the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Johnson's complaint includes unrelated claims that belong in two separate lawsuits, it does not comply with Federal Rule of Civil Procedure 20. I will give Johnson a short time to choose how he wishes to proceed.

---

[1] Plaintiff spelled this defendant's last name differently. Because Kartman is a frequent defendant in this court, I have corrected the spelling.

[2] I am exercising jurisdiction over these cases for purposes of this screening order only.

ANALYSIS

Johnson includes claims from two unrelated series of events:

1) In 2020, Johnson filed an inmate complaint against defendant Christa Morrison, for Morrison's failure to wear a mask. Morrison then retaliated against Johnson by refusing to transfer him to a medium security institution on three occasions, and defendants Gary Boughton and Julie Payne mishandled Johnson's inmate complaints about the retaliation.

2) In 2021, Johnson was excluded from receiving Ramadan meal bags, even though he followed the procedures for signing up to receive the meal bags. Johnson claims that WSPF's chaplain defendant Daniel Goff refused to approve his request to be added to the list. Defendants Mark Kartman, Trina Kroening-Skim, and Julie Payne also refused to ensure his access to the Ramadan meal bags.

I cannot allow Johnson to proceed on any of these claims because his complaint violates the Federal Rules of Civil Procedure. Rules 20 and Rule 21, as well as the court's inherent authority, allow courts to sever unrelated claims that are filed in the same lawsuit. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Johnson's retaliation claims are unrelated to his Ramadan meal claims; the only connection between these two sets of claims is that defendant Payne addressed Johnson's inmate complaints about both issues. Although under Federal Rule of Civil Procedure 18, a plaintiff may bring unrelated claims against one defendant, this rule applies only after Rule 20's requirements for joinder of parties have been satisfied. *See Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983). When a plaintiff includes too many claims and defendants into one case, the court has discretion to require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler*, 689 F.3d at 683.

I will require Johnson to do so here. If he chooses a set of claims by the deadline I set below, I will treat the portion of his complaint that describes those claims as the operative pleading, and I will screen the claims that he has chosen. If Johnson wishes to pursue the other set of claims, he must raise those in a separate lawsuit. If he does not do so, those claims will be dismissed without prejudice, and he will be free to bring them at another time, so long as he does so before the statute of limitations has run.

Johnson may object if he disagrees with my decision to group his claims into two separate lawsuits, but he still must choose one set of claims on which to proceed to comply with this order. If Johnson fails to respond to this order by the deadline below, I will dismiss this case for his failure to state a claim upon which relief may be granted and record a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Clemmie Johnson may have until December 30, 2022, to inform the court which set of claims he wishes to pursue in this lawsuit.

2. If Johnson fails to respond as directed, I will dismiss this case for failure to state a claim upon which relief may be granted.

Entered December 16, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge